FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE H., <br><br>            Plaintiff, <br><br>    -vs- <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br>            Defendant. | No.   2:23-CV-00143-WFN <br><br> ORDER |

Jamie H. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Chad Hatfield represents Plaintiff. Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

**JURISDICTION**

Plaintiff applied for Disability Insurance Benefits on September 24, 2019, alleging disability beginning on April 10, 2007. Tr. 213–23. The application was denied initially, Tr. 65–74, and on reconsideration, Tr. 76–84. Administrative Law Judge [ALJ] Marie Palachuk held a hearing on September 23, 2020, Tr. 35–64, and issued an unfavorable decision on October 15, 2020, Tr. 17–28. The Appeals Council denied review on December 10, 2020. Tr. 1–6. Plaintiff appealed to the district court on February 12, 2021. Tr. 7875–77. The court

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

remanded for further proceedings because the ALJ erred by (1) rejecting Plaintiff's subjective characterization of her symptoms for inadequate reasons, (2) finding Plaintiff's mental impairments did not satisfy the Paragraph C criteria without an adequate explanation, (3) assessing Plaintiff's neuropathy and leg pain and migraine headaches as nonsevere, and (4) determining Plaintiff could perform a significant number of jobs in the national economy without testimony from a vocational expert. Tr. 7878–98. ALJ Palachuk held a second hearing on February 16, 2023, Tr. 7829–47, and denied benefits again on March 14, 2023, Tr. 7800–28. The ALJ's March 2023 decision is the Commissioner's final decision, 20 C.F.R. § 416.1484, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 10, 2023. ECF No. 1.

## FACTS

Plaintiff was born in 1978 and was 28 years of age as of her alleged onset date. Tr. 214. She completed high school and some college. Tr. 252, 1330. Plaintiff has past work as a personnel clerk, cashier, and fast-food worker Tr. 2233, 3546. She alleges disability based on a bilateral leg injury, migraines, generalized anxiety, post-traumatic stress disorder [PTSD], bipolar disorder, agoraphobia, attention-deficit disorder, borderline personality disorder, insomnia, and high blood pressure. Tr. 251.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305

ORDER - 2

U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 17, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 7803–20.

Preliminarily, the ALJ found Plaintiff was last insured under the Social Security Act on September 30, 2008. Tr. 7805.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 7806.

ORDER - 3

At step two, the ALJ determined Plaintiff had the following severe impairments through her date last insured: "diabetes mellitus, obesity, hearing loss in the left ear, a history of migraines, shin splints/leg pain, bipolar disorder, and anxiety." Tr. 7806.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 7806–08.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she could perform medium work "except she could understand, remember, and carry out simple, routine tasks and familiar, complex tasks. She could tolerate occasional changes. She was not capable of assembly-line pace or similarly fast-paced work. She could tolerate occasional and superficial interaction with the public." Tr. 7811.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 7819.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform through her date last insured. Tr. 7819–20. She specifically identified the representative occupations of hand packager, cleaner, and cook helper. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured. Tr. 7820.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) rejecting Plaintiff's subjective complaints and failing to account for her neuropathy symptoms, (2) improperly evaluating medical opinion evidence, (3) failing to find Plaintiff disabled at step three, and (4) conducting an inadequate analysis at step five.

ORDER - 4

# DISCUSSION

**(1) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her subjective symptom testimony. ECF No. 9 at 15–20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified to debilitating depression that prevents her from leaving the house. Tr. 7812. She claimed that medications would work for a short time and then lose their effectiveness. *Id.* Her mental symptoms were so overwhelming that she could not accomplish more than one task per day. *Id.* Plaintiff also testified to debilitating nerve pain in her legs and migraines, neither of which could be treated effectively with medication. *Id.*

In the October 2020 decision, the ALJ discounted Plaintiff's subjective testimony in part because her mental health improved with medication, she worked for a brief period, and she was not consistently engaged in treatment. Tr. 25–26. While the district court's previous order previously found that "the ALJ reasonably relied on Plaintiff's gap in treatment to discount her mental health complaints," Tr. 7894, it also found "that the ALJ erred in discounting Plaintiff's subjective characterization of her symptoms based on Plaintiff's

ORDER - 5

response to medication and her actions in working and otherwise seeking employment." Tr. 7896 (footnote omitted).

      On remand, the ALJ again found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she also again found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 7812–16. Plaintiff showed improvement with medication and did not comply with recommended treatments. Tr. 7813–14. She quit smoking, started working at the Bremerton shipyards, walked five times a week, and lost twenty pounds intentionally. Tr. 7814–16. Contrary to her claim of debilitating leg pain, her bone scans were normal, Tr. 7814, electromyography tests did not reveal neuropathy, and there was no objective evidence of neuropathy otherwise, Tr. 7815. The ALJ also found Plaintiff made statements to her healthcare providers that were inconsistent with her claims. Tr. 7816.

      Plaintiff argues the ALJ erred because the reasons for rejecting Plaintiff's subjective claims were not clear and convincing. ECF No. 9 at 15–20. Specifically, Plaintiff says the ALJ erred by finding that a normal bone scan undermined Plaintiff's claims of leg pain. *Id.* at 17. According to Plaintiff, a negative bone scan does not undermine Plaintiff's claims because it supports a diagnosis of shin splints. *Id.* Plaintiff also argues the ALJ erred by finding the normal electromyography results precluded a finding neuropathy. *Id.* According to Plaintiff, electromyography tests show large fiber neuropathy, but not small fiber neuropathy. *Id.* Therefore, the normal results did not preclude small fiber neuropathy. *Id* at 17–18. Notably, the district court's previous order specifically stated, "the ALJ erred in assessing Plaintiff's neuropathy and leg pain and migraine headaches as nonsevere impairments." Tr. 7890. Nevertheless, the ALJ wrote after the remand that she "cannot adopt the District Court's statement that 'neuropathy . . . caused more than minimal functional limitations.'" Tr. 7807. Finally, Plaintiff argues the ALJ erred by discounting Plaintiff's symptoms based on her mild activities and illusory improvement. ECF No. 9 at 18–20.

ORDER - 6

1  Defendant's only response to these arguments is that they are foreclosed by the law of the case doctrine, which "'generally prohibits a court from considering an issue that has already been decided by the same court or a higher court in the same case.'" ECF No. 11 at 2–3 (quoting *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016)).

Defendant's argument is incorrect for the simple reason that these issues have not already been decided. The district court did not previously decide the ALJ's rejection of Plaintiff's symptom claims were legally sufficient. *See* Tr. 7893–95. While the district court found "the ALJ reasonably relied on Plaintiff's gap in treatment to discount her mental health complaints," Tr. 7894, it also found "that the ALJ erred in discounting Plaintiff's subjective characterization of her symptoms based on Plaintiff's response to medication and her actions in working and otherwise seeking employment." Tr. 7896 (footnote omitted). Contrary to Defendant's characterization, the district court decided the ALJ's reasons for rejecting Plaintiff's physical symptoms were inadequate. *Compare* ECF No. 11 at 2–3, *with* Tr. 7896. Because Defendant's law-of-the-case argument is incorrect, and Defendant does not otherwise defend the ALJ's decision, the Court must conclude that the ALJ erred in rejecting Plaintiff's subjective symptom claims for the reasons discussed above. *See Stacy*, 825 F.3d at 567.

Plaintiff asks the Court to remand for an award of benefits, ECF No. 9 at 21, but that remedy is only appropriate if it is clear from the record that the claimant is disabled, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**(2) Plaintiff's Other Assignments of Error**

Plaintiff also contends the ALJ erred by improperly evaluating medical opinion evidence, failing to find Plaintiff disabled at step three, and conducting an inadequate analysis at step five. ECF No. 9 at 11–15, 20–21. The analysis of these issues could be impacted by the ALJ's reassessment of Plaintiff's subjective claims. Therefore, the ALJ should reevaluate them on remand as well.

ORDER - 7

# CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is in error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed August 15, 2023, **ECF No. 9**, is **GRANTED.**

2. Defendant's Brief, filed September 14, 2023, **ECF No. 11**, is **DENIED**.

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**DATED** this 8th day of January, 2023.

12-28-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8